```
 1                UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NORTH CAROLINA
 2                       WESTERN DIVISION

 3

 4   UNITED STATES OF AMERICA,-    Docket No. 5:17-cr-295-FL-2
                              -
 5       Plaintiff,          -    New Bern, North Carolina
                              -    December 14, 2017
 6          v.               -    Arraignment
                              -
 7   CALVIN JAMAL SPEARMAN,   -
                              -
 8       Defendant.          -
     -------------------------------

 9
                  TRANSCRIPT OF ARRAIGNMENT HEARING
10         BEFORE THE HONORABLE ROBERT B. JONES, JR.
             UNITED STATES DISTRICT MAGISTRATE JUDGE.
11
     APPEARANCES:
12
     For the Plaintiffs:  United States Attorneys' Office
13                        By: James J. Kurosad
                          310 New Bern Avenue, Suite 800
14                        Raleigh, NC 27601
                          (919) 856-4500
15
     For the Defendant:  Cindy H. Popkin-Bradley
16                       P.O. Box 37602
                         Raleigh, NC 27627
17                       (919) 852-4873

18   Court Reporter:     Tracy L. McGurk, RMR, CRR
                         413 Middle St.
19                       New Bern, NC 28560
                         (419) 392-6626
20

21

22   Proceedings recorded by mechanical stenography,
     transcript produced by notereading.
23

24

25
```

1          (Commenced at 1:43 p.m.)

2          THE COURT:  All right.  I ask each Defendant

00:00:01   3    appearing before the Court today for those cases that

00:00:06   4    are going forward on arraignment, I ask the defendant in

00:00:11   5    those cases to listen carefully to the following

00:00:14   6    information.  This information will be an important part

00:00:18   7    of your case.  You may be called upon this afternoon to

00:00:21   8    make decisions in your cases based on what I'm about to

00:00:24   9    say.  You are here because a bill of indictment has been

00:00:28   10   returned against you by the grand jury or the U.S.

00:00:32   11   Attorney has filed a criminal information charging you

00:00:35   12   with a violation of one or more federal criminal laws.

00:00:40   13          You have certain rights as relate to these

00:00:43   14   charges, and I'm going to explain those rights to you.

00:00:48   15          As explained to you at your initial

00:00:50   16   appearance, you have the right to remain silent.  You

00:00:53   17   have the right to be represented by an attorney, and if

00:00:57   18   necessary to have the Court appoint an attorney to

00:01:02   19   represent you in your case including at a trial.  You

00:01:07   20   have the right to a trial by jury.  At such a trial you

00:01:12   21   are presumed to be innocent.  You do not have to prove

00:01:15   22   anything.  Instead, the burden is upon the government

00:01:18   23   through its attorneys and agents to prove you guilty by

00:01:21   24   competent evidence and beyond a reasonable doubt.  The

00:01:26   25   method for the government to do this is to call its

00:01:30 1   witnesses who would testify under oath in front of you,

00:01:34 2   in front of a jury, and in front of the presiding

00:01:37 3   district judge. You, through your lawyer, will then

00:01:41 4   have the right to cross-examine those witnesses and

00:01:45 5   object to any evidence you deem to be legally improper.

00:01:49 6   You would also have the right to use the subpoena power

00:01:52 7   of the Court to bring to court witnesses who may be

00:01:56 8   favorable to you and to have these witnesses testify

00:01:59 9   under oath. You also may elect to take the witness

00:02:05 10   stand and testify under oath, but only if you wish to do

00:02:08 11   so. No one can force you to take the witness stand to

00:02:12 12   testify if you do not want to. If you choose not to

00:02:17 13   testify, the fact that you do not testify cannot be held

00:02:21 14   against you, and the district judge will instruct the

00:02:25 15   jury accordingly.

00:02:28 16         If you plead guilty to an offense this

00:02:30 17   afternoon, you will waive your right to a trial by jury

00:02:33 18   and the rights that I've just mentioned, other than your

00:02:36 19   right to an attorney. You also will have to waive your

00:02:41 20   right not to incriminate yourself because I cannot

00:02:44 21   accept your plea of guilty as to a particular offense or

00:02:47 22   offenses unless you admit in open court your guilt as to

00:02:50 23   that particular offense or offenses.

00:02:54 24         By pleading guilty to a felony offense or

00:02:57 25   being convicted by a jury and adjudicated guilty of a

00:03:01 1 felony offense, whether that is by a bill of indictment

00:03:04 2 or a criminal information, you may lose certain valuable

00:03:07 3 civil rights such as the right to possess any kind of

00:03:11 4 firearm, the right to serve on a jury, the right to hold

00:03:16 5 public office, and the right to vote.

00:03:21 6 　　　　　If you plead guilty or are found guilty at

00:03:24 7 trial, you may be ordered to make restitution in money

00:03:30 8 or services to the victims of your crime if they are

00:03:33 9 identifiable.

00:03:35 10 　　　　　In certain cases you may be required to

00:03:37 11 forfeit property to the United States Government.

00:03:40 12 　　　　　If your offense involves fraud, you may be

00:03:45 13 required to provide notice of your conviction to the

00:03:48 14 victims of your crime.

00:03:49 15 　　　　　In addition, if you are not a United States

00:03:51 16 citizen, your immigration status may be adversely

00:03:55 17 affected and you may be subject to deportation,

00:03:58 18 exclusion, or a voluntary departure and prevented from

00:04:02 19 obtaining U.S. citizenship.

00:04:05 20 　　　　　If you are charged with a sex crime, a

00:04:08 21 conviction may result in substantial future restrictions

00:04:12 22 on where you may live or work and with whom you may

00:04:15 23 associate.  In addition, at the conclusion of any

00:04:19 24 sentence that is imposed, you may be subject to civil

00:04:23 25 commitment as a sexually dangerous person.

| | | |
|---|---|---|
| 00:04:27 | 1 | As required by the law, a special assessment |
| 00:04:32 | 2 | or monetary amount of $100 for each felony offense or |
| 00:04:38 | 3 | count to which you plead guilty or are found guilty at |
| 00:04:42 | 4 | trial will be imposed against you.  This special |
| 00:04:45 | 5 | assessment of $100 per count will be in addition to and |
| 00:04:49 | 6 | on top of any fine that may also be imposed. |
| 00:04:55 | 7 | You may be given a term of supervised |
| 00:04:58 | 8 | release following any actual term of incarceration that |
| 00:05:01 | 9 | is imposed.  Supervised release is similar to what you |
| 00:05:05 | 10 | may know as probation.  The term of supervised release |
| 00:05:10 | 11 | in each individual case can range anywhere from one year |
| 00:05:15 | 12 | up to life based upon your individual criminal history |
| 00:05:19 | 13 | and the offense.  Supervised release would require you |
| 00:05:26 | 14 | to report to your assigned probation officer from time |
| 00:05:29 | 15 | to time and to comply with any court imposed or directed |
| 00:05:33 | 16 | instructions.  If you violate supervised release |
| 00:05:38 | 17 | conditions, you may be required to serve an additional |
| 00:05:42 | 18 | time of incarceration. |
| 00:05:45 | 19 | The United States Sentencing Commission has |
| 00:05:47 | 20 | established advisory guideline ranges for all federal |
| 00:05:51 | 21 | crimes.  Although the district judge is no longer |
| 00:05:55 | 22 | required to specifically follow the guidelines in |
| 00:05:58 | 23 | sentencing you, he or she is required to calculate the |
| 00:06:02 | 24 | advisory guideline for your offense or offenses.  The |
| 00:06:07 | 25 | district judge will then consider that guideline range |

00:06:11 1 as well as other relevant factors that are set forth in

00:06:14 2 18 U.S. Code, Section 3553(a) before imposing a

00:06:19 3 sentence.  The district judge has the authority in some

00:06:23 4 circumstances to depart upward or downward from that

00:06:26 5 advisory guideline range, and the district judge will

00:06:31 6 also examine other statutory sentencing factors under 18

00:06:34 7 U.S. Code, Section 3553(a) that may result in a sentence

00:06:39 8 that is either greater or lesser than the advisory

00:06:43 9 guideline sentence.  If the district judge imposes a

00:06:50 10 sentence outside the guideline range, he or she is

00:06:53 11 required to explain on the record at the time of

00:06:56 12 sentencing his or her reasons for imposing a sentence

00:07:00 13 outside the guidelines.

00:07:03 14          Under some circumstances you may have the

00:07:06 15 right to appeal your sentence even though you pled

00:07:09 16 guilty to the underlying crime.  However, if you have

00:07:14 17 waived the right to appeal your sentence in a plea

00:07:18 18 agreement with the United States, that agreement may be

00:07:21 19 binding upon you.

00:07:25 20          You should understand that parole has been

00:07:30 21 abolished in the United States court system, so if you

00:07:33 22 receive a sentence which includes an active term of

00:07:38 23 incarceration, you will not receive parole.

00:07:41 24          Regarding plea agreements, you should know

00:07:44 25 that the Court is not a party to a plea agreement and

00:07:47 1  does not participate in the plea agreement negotiations.

00:07:50 2  However, the Court is obligated to examine carefully any

00:07:54 3  plea agreement with the Government to insure that the

00:07:58 4  agreement conforms to the objectives of sentencing.

00:08:04 5          The standard acceptance of plea agreements

00:08:07 6  include those stated in Rule 11 of the Federal Rules of

00:08:10 7  Criminal Procedure which provides in part as follows:

00:08:15 8          In one type of plea agreement, the

00:08:17 9  government recommends to the Court or agrees not to

00:08:21 10 oppose the defendant's request to the Court that a

00:08:24 11 particular sentence or sentencing range is appropriate

00:08:29 12 or that a particular provision of the guidelines does or

00:08:32 13 does not apply.  If a plea agreement is of this type, if

00:08:38 14 the Court accepts the agreement, the recommendation or

00:08:41 15 request is not binding on the Court.  If the Court does

00:08:46 16 not follow the recommendation or request, the defendant

00:08:49 17 has no right to withdraw his or her guilty plea.

00:08:54 18         On the other hand, there may be plea

00:08:57 19 agreements in which the Government agrees not to bring

00:09:00 20 or will move to dismiss other charges or in which the

00:09:04 21 Government agrees that a specific sentence or sentencing

00:09:08 22 range is the appropriate disposition of the case, or

00:09:12 23 that a particular provision of the Guidelines does or

00:09:15 24 does not apply.  If a plea agreement is of this type, if

00:09:20 25 the Court accepts the agreement, then the parties

00:09:24  1   agreed-upon terms are binding on the Court, and the
00:09:27  2   agreed-upon disposition will be included in the judgment
00:09:31  3   unless the plea agreement provides otherwise.  However,
00:09:37  4   if the Court does not accept this type of a plea
00:09:40  5   agreement where there is a binding agreed-upon
00:09:42  6   disposition between the parties, the Defendant will be
00:09:45  7   given an opportunity to withdraw his or her plea.  If
00:09:50  8   the Defendant does not withdraw the plea, however, the
00:09:53  9   Court is not required to follow the plea agreement and
00:09:55  10  may dispose of the case less favorably than the plea
00:10:00  11  agreement had provided.
00:10:04  12          A written presentence report will be
00:10:06  13  prepared by the probation office to assist the district
00:10:09  14  judge in sentencing.  You'll be asked to give
00:10:13  15  information for this report, and you're entitled to have
00:10:17  16  your attorney present during the interview.  It is
00:10:21  17  important that the presentence report be accurate
00:10:24  18  because it will likely determine your punishment range.
00:10:28  19  After that report has been prepared, you and your
00:10:31  20  attorney will have an opportunity to review the report
00:10:35  21  and to object to any aspects of the report you believe
00:10:39  22  are inaccurate.  Any objections to the presentence
00:10:44  23  report must be made in writing and on a timely basis.
00:10:48  24  If do you not contest the facts that are set forth in
00:10:52  25  the presentence report, and the Court's independent

findings coincide with those facts, those facts will be accepted by the Court as correct and will be relied upon in determining the outcome applicable to your case.

If a party seeks to argue for a sentence which varies from the guidelines, that party shall file written briefing in support of that position and serve a courtesy copy on the probation officer who authored the presentence report.

At the time of sentencing you and your attorney will have the opportunity to speak to the Court and to argue for a sentence that you and your attorney feel is appropriate under 18 U.S. Code, Section 3553(a).

Judge Flanagan does not allow oral testimony in the nature of character evidence at the sentencing hearing but will be happy to receive from your attorney written sentencing briefing or character letters, all of which should be provided to Judge Flanagan so that they are received at least seven days prior to the date you're scheduled to be sentenced.

Finally, if there are victims of the offenses for which you are to be sentenced, these victim also be given an opportunity to be heard at that sentencing hearing.

That concludes the explanation of your rights.

|  |  |  |
|---|---|---|
| 00:12:20 | 1 | Those cases which a plea of guilty is |
| 00:12:22 | 2 | entered today will be scheduled for a sentencing hearing |
| 00:12:26 | 3 | to be held no sooner than 90 days from today before |
| 00:12:31 | 4 | Judge Flanagan.  It is anticipated that those cases will |
| 00:12:34 | 5 | be set for the March 2018 term. |
| 00:12:36 | 6 | In those cases which a plea of not guilty is |
| 00:12:39 | 7 | entered, counsel will be contacted by the Court to |
| 00:12:41 | 8 | arrange a time to hold an administrative telephonic |
| 00:12:45 | 9 | conference with Judge Flanagan and to obtain the |
| 00:12:48 | 10 | necessary dial-in instructions to participate in that |
| 00:12:52 | 11 | conference. |
| 00:12:55 | 12 | Each Defendant appearing today should know |
| 00:12:58 | 13 | that as I take up your case to hear your plea and to |
| 00:13:01 | 14 | address you personally that you will be placed under |
| 00:13:04 | 15 | oath, and that if you should answer any of my questions |
| 00:13:06 | 16 | falsely, your answers may later be used against you in |
| 00:13:10 | 17 | another prosecution for perjury or making a false |
| 00:13:14 | 18 | statement. |
| 00:13:16 | 19 | All right.  To the Assistant United States |
| 00:13:21 | 20 | Attorneys here this afternoon, are there any victims of |
| 00:13:28 | 21 | the cases for arraignment today?  If so, has the |
| 00:13:30 | 22 | Government fulfilled its duty to notify the victims of |
| 00:13:35 | 23 | today's hearings and whether any wish to be heard at |
| 00:13:38 | 24 | today's proceedings? |
| 00:13:38 | 25 | (Discussion had off the record.) |

00:13:38  1              MR. KUROSAD:  Good afternoon, Your Honor.

00:13:49  2  Jim Kurosad on behalf of the United States for the

00:13:51  3  Spearman case.  There are victims in that case; they

00:13:54  4  have been notified but have chosen not to allocute

00:13:57  5  today.

00:14:00  6              (Discussion had regarding other cases.)

00:28:37  7              THE CLERK:  The Court calls for arraignment

00:28:39  8  the case of United States of America versus Calvin Jamal

00:28:44  9  Spearman, court file number 5:17-cr-295-FL, Defendant 2.

00:29:12  10             MS. POPKIN-BRADLEY:  May I approach?

00:29:19  11             THE CLERK:  Here is the consent, Judge.

00:29:27  12             Mr. Spearman, if you would stand, please,

00:29:29  13  I'm going to put you under oath.  Please raise your

00:29:33  14  right hand.

00:29:34  15             (Whereupon the Defendant was sworn by the

00:29:46  16  clerk.)

00:29:46  17             THE COURT:  Mr. Spearman, I've got in my

00:29:48  18  hands, sir, a document in your case.  This document is

00:29:51  19  entitled "Consent to Proceed Before a Magistrate Judge."

00:29:54  20  It appears to be signed by you as well as Ms. Popkin,

00:29:58  21  your attorney in this case.  Did you sign this document,

00:30:01  22  sir?

00:30:01  23             THE DEFENDANT:  Yes, sir.

00:30:02  24             THE COURT:  Mr. Spearman, is it your knowing

00:30:04  25  and voluntary desire for the purpose of conducting your

00:30:07 1  arraignment and taking your plea this afternoon that I

00:30:11 2  may preside over these proceedings as a U.S. Magistrate

00:30:14 3  Judge?

00:30:16 4              THE DEFENDANT:  Yes, sir.

00:30:17 5              THE COURT:  All right.  Thank you.

00:30:29 6              All right.  Mr. Spearman, do you understand

00:30:31 7  that you are now under oath and if you answer any of my

00:30:34 8  questions falsely that your answers may later be used

00:30:37 9  against you in another prosecution for perjury or making

00:30:40 10 a false statement?

00:30:43 11             THE DEFENDANT:  Yes, sir.

00:30:43 12             THE COURT:  What is your full name?

00:30:47 13             THE DEFENDANT:  Calvin Curtis Jamal

00:30:49 14 Spearman.

00:30:51 15             THE COURT:  What is your age?

00:30:52 16             THE DEFENDANT:  Twenty-three.

00:30:53 17             THE COURT:  And how far have you gone in

00:30:55 18 school?

00:30:58 19             THE DEFENDANT:  Eleventh grade.

00:31:00 20             THE COURT:  Are you able to speak and

00:31:02 21 understand English?

00:31:03 22             THE DEFENDANT:  Yes, sir.

00:31:03 23             THE COURT:  Are you able to read?

00:31:04 24             THE DEFENDANT:  Yes, sir.

00:31:05 25             THE COURT:  Are you currently or have you

00:31:06   1    recently been under the care of a physician or

00:31:10   2    psychiatrist or been hospitalized or treated for

00:31:15   3    narcotics addiction?

00:31:17   4          THE DEFENDANT: No, sir.

00:31:17   5          THE COURT: Have you taken any drugs, any

00:31:19   6    medicine, any pills, or alcoholic beverages in the past

00:31:23   7    24 hours?

00:31:23   8          THE DEFENDANT: No, sir.

00:31:24   9          THE COURT: Have you been provided, Mr.

00:31:28  10    Spearman, with a copy of the charges against you in this

00:31:31  11    case?

00:31:32  12          THE DEFENDANT: Yes, sir.

00:31:32  13          THE COURT: And have you discussed those

00:31:35  14    charges fully as well as your case in general with your

00:31:40  15    attorney?

00:31:40  16          THE DEFENDANT: Yes, sir.

00:31:41  17          THE COURT: And do you understand the

00:31:42  18    charges against you in this case?

00:31:44  19          THE DEFENDANT: Yes, sir.

00:31:44  20          THE COURT: Do you understand what's

00:31:45  21    happening this afternoon?

00:31:47  22          THE DEFENDANT: Yes, sir.

00:31:48  23          THE COURT: Ms. Popkin, have you had any

00:31:50  24    difficulty in communicating with Mr. Spearman or any

00:31:53  25    reason to doubt his mental competency?

|           |    |                                                              |
|-----------|----|--------------------------------------------------------------|
| 00:31:58  | 1  | MS. POPKIN-BRADLEY: No, Judge.                               |
| 00:31:59  | 2  | THE COURT: Does the United States have any                  |
| 00:32:00  | 3  | reason to doubt Mr. Spearman's mental competency in this    |
| 00:32:03  | 4  | case?                                                        |
| 00:32:05  | 5  | MR. KUROSAD: No, Judge.                                      |
| 00:32:06  | 6  | THE COURT: Let the record reflect the Court                 |
| 00:32:08  | 7  | finds the fact the Defendant, Calvin Jamal Spearman, is     |
| 00:32:10  | 8  | competent to appear, to understand the nature of these      |
| 00:32:14  | 9  | proceedings, and to ultimately plead in these matters.      |
| 00:32:18  | 10 | Mr. Spearman, have you had the time to and                  |
| 00:32:20  | 11 | have you, in fact, discussed your case with your            |
| 00:32:22  | 12 | attorney?                                                    |
| 00:32:24  | 13 | THE DEFENDANT: Yes, sir.                                     |
| 00:32:24  | 14 | THE COURT: Are you satisfied with Ms.                       |
| 00:32:27  | 15 | Popkin's advice and counsel to you in this case?            |
| 00:32:31  | 16 | THE DEFENDANT: Yes, sir.                                     |
| 00:32:32  | 17 | THE COURT: Did you hear and understand my                   |
| 00:32:34  | 18 | explanation of your rights this afternoon?                  |
| 00:32:37  | 19 | THE DEFENDANT: You, sir.                                     |
| 00:32:38  | 20 | THE COURT: Did you understand my general                    |
| 00:32:39  | 21 | explanation of how you might be sentenced in this case?     |
| 00:32:42  | 22 | THE DEFENDANT: Yes, sir.                                     |
| 00:32:43  | 23 | THE COURT: And did you receive a copy of                    |
| 00:32:45  | 24 | the indictment in this case charging you in seven           |
| 00:32:48  | 25 | counts?                                                      |

00:32:49  1          THE DEFENDANT:  Yes, sir.

00:32:49  2          THE COURT:  And do you understand what

00:32:51  3  you're charged with in those seven counts?

00:32:54  4          THE DEFENDANT:  Yes, sir.

00:32:54  5          THE COURT:  Do you want me to read the

00:32:55  6  indictment to you aloud, or do you waive the reading of

00:32:59  7  it?

00:33:04  8          THE DEFENDANT:  I'll waive it.

00:33:05  9          THE COURT:  I am required, however, to

00:33:07  10  remind you of the maximum possible penalty, not the

00:33:10  11  guidelines, but the maximum possible penalty for each

00:33:14  12  count that you face, including any mandatory minimum

00:33:19  13  penalty.

00:33:19  14          Will the Government please remind Mr.

00:33:21  15  Spearman as to that information.

00:33:23  16          MR. KUROSAD:  Yes, Your Honor.  As to Count

00:33:25  17  1, conspiracy to commit Hobbs Act robberies, not more

00:33:28  18  than 20 years imprisonment.  A fine not to exceed

00:33:31  19  $250,000, or twice the gross gain or twice the victim's

00:33:35  20  gross loss, whichever is greater, or both fine and

00:33:39  21  imprisonment.  Not more than three years supervised

00:33:41  22  release.  Not more than two years imprisonment upon

00:33:44  23  revocation of supervised release.  $100 special

00:33:46  24  assessment, and restitution.

00:33:48  25          As to Counts 2, 4, and 6, which are the

00:33:52 1 Hobbs Act robberies individually and aiding and abetting

00:33:56 2 those robberies, not more than 20 years imprisonment. A

00:33:59 3 fine not to exceed $250,000, or twice the gross gain or

00:34:03 4 twice the victim's gross loss, whichever is greater, or

00:34:08 5 both fine and imprisonment. Not more than three years

00:34:10 6 supervised release. Not more than two years

00:34:12 7 imprisonment upon revocation of supervised release.

00:34:14 8 $100 special assessment, and restitution.

00:34:17 9 As to Count 3, brandishing a firearm in

00:34:19 10 furtherance of a violent crime and aiding and abetting,

00:34:23 11 the maximum penalty is not less than seven years

00:34:25 12 imprisonment, a fine not to exceed $250,000, or both

00:34:30 13 fine and imprisonment. Not more than five years

00:34:32 14 supervised release. Not more than five years

00:34:34 15 imprisonment upon revocation of supervised release.

00:34:37 16 $100 special assessment, and restitution.

00:34:40 17 As to Counts 5 and 7, which are also

00:34:46 18 brandishing a firearm in furtherance of a violent crime

00:34:50 19 and aiding and abetting the other robberies, the maximum

00:34:53 20 penalties move up to not less than 25 years, not more

00:34:57 21 than life imprisonment to be served consecutive with any

00:35:00 22 other sentence, a fine not to exceed $250,000, or both

00:35:04 23 fine and imprisonment. Not more than five years

00:35:06 24 supervised release. Not more than five years

00:35:08 25 imprisonment upon revocation of supervised release.

00:35:11  1   $100 special assessment, and restitution.

00:35:43  2           THE COURT:  Count 3 you said that the

00:35:44  3   penalty is not less than seven years imprisonment, so

00:35:48  4   the maximum term is life?

00:35:55  5           MR. KUROSAD:  That's correct, Your Honor.

00:35:58  6           THE COURT:  And that is to be served

00:36:03  7   consecutive to any other term of imprisonment?

00:36:06  8           MR. KUROSAD:  That's correct, Your Honor.

00:36:16  9           THE COURT:  All right.  In the plea

00:36:19  10  agreement with respect to Count 1, the plea agreement

00:36:22  11  sets out the maximum fine as $250,000, but then it

00:36:29  12  doesn't have the additional language of -- or the

00:36:32  13  qualifying language of twice the gross gain or twice the

00:36:35  14  victim's gross loss, whichever is greater.  Does the

00:36:40  15  plea agreement contain that information?

00:36:42  16          MR. KUROSAD:  The plea agreement does not

00:36:44  17  contain that additional language, Your Honor.

00:36:45  18          THE COURT:  Should it?

00:36:46  19          MR. KUROSAD:  Not necessarily, Your Honor.

00:36:51  20  It generally lays out the fine and the penalty sheet,

00:36:57  21  and advice of those penalties should suffice, Your

00:37:03  22  Honor.

00:37:03  23          THE COURT:  Ms. Popkin, what do you think?

00:37:07  24          MS. POPKIN-BRADLEY:  I agree with the

00:37:10  25  Government.  Although if you want it in there, we'll put

| | | |
|---|---|---|
| 00:37:14 | 1 | it in there. |
| 00:37:15 | 2 | THE COURT:  Mr. Spearman, do you understand |
| 00:37:18 | 3 | the charges that have been filed against you in this |
| 00:37:22 | 4 | case as well as the maximum punishment you face if |
| 00:37:25 | 5 | convicted of the charges? |
| 00:37:28 | 6 | THE DEFENDANT:  Yes, sir. |
| 00:37:29 | 7 | THE COURT:  Okay.  Ms. Popkin, were all |
| 00:37:36 | 8 | formal plea offers by the Government conveyed to Mr. |
| 00:37:39 | 9 | Spearman? |
| 00:37:44 | 10 | MS. POPKIN-BRADLEY:  Yes, Judge. |
| 00:37:44 | 11 | THE COURT:  Mr. Spearman, I have been |
| 00:37:47 | 12 | provided another document in your case.  This document |
| 00:37:49 | 13 | is nine pages long.  It is entitled "Memorandum of Plea |
| 00:37:52 | 14 | Agreement."  This document appears to be signed by you |
| 00:37:56 | 15 | as well as your attorney in this case.  And it appears |
| 00:37:59 | 16 | from this document that it is your intention to plead |
| 00:38:02 | 17 | guilty to Count 1 and Count 3 of the indictment.  Is |
| 00:38:05 | 18 | that your intention, sir? |
| 00:38:08 | 19 | THE DEFENDANT:  Yes, sir. |
| 00:38:09 | 20 | THE COURT:  And did you sign this plea |
| 00:38:12 | 21 | agreement? |
| 00:38:12 | 22 | THE DEFENDANT:  Yes, sir. |
| 00:38:13 | 23 | THE COURT:  Okay.  Have you had an |
| 00:38:15 | 24 | opportunity to read and to discuss this plea agreement |
| 00:38:19 | 25 | with your attorney; and did you, in fact, do so before |

00:38:24  1   you signed it?

00:38:25  2                   THE DEFENDANT:  Yes, sir.

00:38:26  3                   THE COURT:  Mr. Spearman, does this plea

00:38:28  4   agreement represent in its entirety any and all

00:38:31  5   agreements that you have with the United States and the

00:38:34  6   U.S. Attorney?

00:38:35  7                   THE DEFENDANT:  Yes, sir.

00:38:35  8                   THE COURT:  Did you understand the terms,

00:38:38  9   the language, the words, the sentences, even any legal

00:38:43  10  phrases that are used in this plea agreement after you

00:38:46  11  discussed it with Ms. Popkin?

00:38:48  12                  THE DEFENDANT:  Yes, sir.

00:38:48  13                  THE COURT:  Do you understand that by

00:38:50  14  entering into this plea agreement and entering a plea of

00:38:53  15  guilty that you will have waived or given up your right

00:38:56  16  to appeal or to collaterally attack all or a part of

00:39:01  17  your sentence?

00:39:04  18                  THE DEFENDANT:  So I won't be able to appeal

00:39:09  19  my sentence?  Is that what you're saying?

00:39:10  20                  THE COURT:  Paragraph 2(c) says that you

00:39:12  21  agree to waive knowingly and expressly all rights,

00:39:18  22  conferred by 18 U.S. Code, 3742, to appeal the

00:39:22  23  conviction and whatever sentence is imposed on any

00:39:27  24  ground, including any issues that relate to the

00:39:31  25  establishment of the advisory Guideline range.

| | | |
|---|---|---|
| 00:39:34 | 1 | THE DEFENDANT: Okay. Okay. |
| 00:39:36 | 2 | THE COURT: Do you know what's in this |
| 00:39:37 | 3 | paragraph? |
| 00:39:38 | 4 | THE DEFENDANT: Yes, sir. |
| 00:39:38 | 5 | THE COURT: Do you understand it? |
| 00:39:40 | 6 | THE DEFENDANT: Yes, sir. |
| 00:39:40 | 7 | THE COURT: Okay. Mr. Spearman, has anyone |
| 00:39:46 | 8 | made any other or different promises to you to get you |
| 00:39:48 | 9 | to plead guilty in this case other than what's contained |
| 00:39:51 | 10 | in the plea agreement? |
| 00:39:52 | 11 | THE DEFENDANT: No, sir. |
| 00:39:53 | 12 | THE COURT: Has anyone threatened you in any |
| 00:39:55 | 13 | way to persuade you to either accept this plea agreement |
| 00:39:58 | 14 | or to plead guilty in this case? |
| 00:39:59 | 15 | THE DEFENDANT: No, sir. |
| 00:40:00 | 16 | THE COURT: Mr. Spearman, are you pleading |
| 00:40:02 | 17 | guilty of your own free will because you are, in fact, |
| 00:40:05 | 18 | guilty? |
| 00:40:07 | 19 | THE DEFENDANT: Yes, sir. |
| 00:40:09 | 20 | THE COURT: Do you understand that the |
| 00:40:10 | 21 | offenses to which you are pleading guilty each is a |
| 00:40:13 | 22 | felony offense, and if your plea is accepted by the |
| 00:40:16 | 23 | Court, you'll be found guilty of each offense, and that |
| 00:40:19 | 24 | may deprive you of valuable civil rights such as the |
| 00:40:23 | 25 | right to vote, to serve on a jury, and to possess a |

| | | |
|---|---|---|
| 00:40:25 | 1 | firearm? |
| 00:40:26 | 2 | THE DEFENDANT: Yes, sir. |
| 00:40:26 | 3 | THE COURT: Do you understand if you're not |
| 00:40:28 | 4 | a U.S. citizen, a plea of guilty may subject you to |
| 00:40:31 | 5 | deportation, the exclusion, or voluntary departure, and |
| 00:40:34 | 6 | prevent you from obtaining U.S. citizenship? |
| 00:40:38 | 7 | THE DEFENDANT: Yes, sir. |
| 00:40:38 | 8 | THE COURT: Do you understand if I accept |
| 00:40:40 | 9 | your plea of guilty this afternoon that you may not be |
| 00:40:42 | 10 | able to withdraw your plea and have a trial in this |
| 00:40:45 | 11 | case? |
| 00:40:46 | 12 | THE DEFENDANT: Yes, sir. |
| 00:40:46 | 13 | THE COURT: Have you answered all my |
| 00:40:47 | 14 | questions truthfully? |
| 00:40:48 | 15 | THE DEFENDANT: Yes, sir. |
| 00:40:49 | 16 | THE COURT: Do you need any more time to |
| 00:40:50 | 17 | think about your plea or discuss your case with Ms. |
| 00:40:54 | 18 | Popkin before entering your plea? |
| 00:40:56 | 19 | THE DEFENDANT: No, sir. |
| 00:41:40 | 20 | THE COURT: All right. Mr. Spearman, how do |
| 00:41:43 | 21 | you plead to Count 1 of the indictment? |
| 00:41:56 | 22 | MS. POPKIN-BRADLEY: Just a moment, Your |
| 00:41:58 | 23 | Honor. |
| 00:41:58 | 24 | (Discussion had off the record between the |
| 00:41:58 | 25 | defendant and defense counsel.) |

| 00:41:59 | 1 | THE DEFENDANT: Guilty. |

THE DEFENDANT: Guilty.

THE COURT: Mr. Spearman, how do you plead to Count 3 of the indictment?

THE DEFENDANT: Guilty.

THE COURT: All right. Now, with respect to Count 1, did you, as the Government has alleged in Count 1, beginning at a time, continuing until on or about January 21, 2017, in the Eastern District of North Carolina and elsewhere, knowingly, intentionally, and unlawfully combine, conspire, confederate, agree, and have a tacit understanding with other persons to commit an offense against the United States, that is, to unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, and the movement of articles or commodities in such commerce, by robbery, that is, unlawfully taking and obtaining personal property from the person and in the presence of another, against that person's will, by means of actual or threatened force, as set forth in 18, United States Code, Section 1951(b)(1), all in violation of 18, U.S. Code, 1951? Did you do all that?

MS. POPKIN-BRADLEY: May I have a moment, Your Honor?

THE COURT: Yes, ma'am.

(Discussion had off the record between the

00:43:28  1  defendant and defense counsel.)

00:43:28  2            THE DEFENDANT:  Yes, sir.

00:43:39  3            THE COURT:  Okay.  You did all that as

00:43:42  4  alleged in Count 1?

00:43:44  5            THE DEFENDANT:  Yes, sir.

00:43:44  6            THE COURT:  Now, with respect to Count 3,

00:43:46  7  did you, as the Government has alleged in Count 3, on or

00:43:51  8  about January 5, 2017, in the Eastern District of North

00:43:54  9  Carolina, aiding and abetting another, during and in

00:44:00 10  relation to a crime of violence for which you may be

00:44:06 11  prosecuted in a court of the United States, that is,

00:44:09 12  interference with commerce by robbery, knowingly use and

00:44:14 13  carry a firearm, and did possess said firearm in

00:44:18 14  furtherance of said crime of violence, and said firearm

00:44:21 15  was brandished, all in violation of 924(c) and Section

00:44:25 16  2?  Did you do all that?

00:44:25 17            (Discussion had off the record between the

00:44:31 18  defendant and defense counsel.)

00:44:31 19            MS. POPKIN-BRADLEY:  Just a moment, Your

00:44:40 20  Honor.

00:44:40 21            (Discussion had off the record between the

00:44:40 22  defendant and defense counsel.)

00:44:45 23            THE DEFENDANT:  Yes, sir.

00:44:50 24            MS. POPKIN-BRADLEY:  Through aiding and

00:44:51 25  abetting, Judge.

00:44:51  1           THE COURT:  What's that?

00:44:52  2           MS. POPKIN-BRADLEY:  I've explained to him

00:44:53  3   that through aiding and abetting.  He was confused about

00:44:56  4   that.

00:44:57  5           THE COURT:  Okay.  You did that which I

00:45:00  6   have read to you from Count 3; is that correct?

00:45:02  7           THE DEFENDANT:  Yes, sir.

00:45:02  8           THE COURT:  All right.  Very good.  If the

00:45:04  9   Government would provide a factual basis in support of

00:45:07  10  Mr. Spearman's plea of guilty to Count 1 and Count 3 of

00:45:10  11  the indictment.

00:45:11  12          MR. KUROSAD:  Yes, Your Honor.  Starting on

00:45:13  13  January 5, 2017, at approximately 9:47 p.m., the

00:45:18  14  Defendant and his co-defendant, Mr. Wright, robbed the

00:45:22  15  Subway restaurant at 3020 Main Street, Hope Mills, North

00:45:28  16  Carolina of $236.  Of course, that's in the Eastern

00:45:32  17  District of North Carolina.

00:45:32  18          During the robbery Mr. Wright, his

00:45:35  19  co-defendant, entered first and went into a restroom

00:45:38  20  without covering his face.  A few seconds later the

00:45:41  21  Defendant entered, vaulted the counter wearing a mask

00:45:45  22  and brandishing a firearm.  Mr. Wright returned from

00:45:48  23  the restroom wearing a mask and vaulting the counter

00:45:53  24  also.  The clerks were ordered down to the floor and

00:45:54  25  told not to get up for ten minutes.

00:45:58   1       The Defendant and his co-defendant fled the

00:46:00   2   scene in a Ford Edge SUV. No video was taken of the

00:46:06   3   robbery, but a victim clerk identified co-defendant, Mr.

00:46:12   4   Wright, from a photo lineup.

00:46:14   5       At the time of the robbery the store had

00:46:15   6   products that were shipped and received in interstate

00:46:18   7   and foreign commerce.

00:46:20   8       The next robbery, Your Honor, on January 15,

00:46:22   9   2017, at approximately 9:37 p.m., both Mr. Wright and

00:46:29   10   Mr. Spearman robbed another Subway restaurant, this time

00:46:32   11   at 3771 Ramsey Street in Fayetteville, North Carolina of

00:46:38   12   $974, again, in the Eastern District of North Carolina.

00:46:44   13   This time they had an accomplice, Mr. Johnson, who

00:46:49   14   served as a getaway driver; this time driving a Chevy

00:46:52   15   Impala.

00:46:53   16       During the robbery an employee attempted to

00:46:57   17   flee the business, but the Defendant brought him back

00:47:02   18   into the business, then vaulted the counter and

00:47:06   19   brandished a firearm. The clerks were ordered down to

00:47:10   20   the floor and told not to get up or call the police for

00:47:13   21   ten minutes.

00:47:14   22       Again, no video was taken of the robbery.

00:47:17   23       At the time of the robbery the store had

00:47:18   24   products that were shipped and received in interstate

00:47:22   25   and foreign commerce.

00:47:23  1          The last robbery occurred on January 21,

00:47:26  2   2017.  This time Mr. Wright and Mr. Spearman robbed the

00:47:32  3   Pizza Hut restaurant located at 3069 Boone Trail in

00:47:37  4   Fayetteville, North Carolina in the Eastern District of

00:47:40  5   North Carolina, this time of $1,196.95.  Again Mr.

00:47:47  6   Johnson, who is not indicted yet, served as the getaway

00:47:51  7   driver in the same Chevy Impala.  During the robbery Mr.

00:47:56  8   Spearman brandished a firearm with an extended magazine.

00:48:01  9   At that time Mr. Wright and Mr. Spearman stole cell

00:48:06  10  phones from employees before fleeing the scene in the

00:48:09  11  vehicle driven by Johnson.  No video was taken from the

00:48:12  12  robbery, but the robbers could be seen fleeing in a

00:48:16  13  video taken from the McDonald's nearby.

00:48:21  14          At the time of the robbery the Pizza Hut had

00:48:25  15  products that were shipped or received in interstate or

00:48:28  16  foreign commerce.

00:48:31  17          The individuals, Mr. Wright and Mr. Spearman

00:48:36  18  and Mr. Johnson, were identified from a jailhouse

00:48:40  19  informant who overheard Mr. Wright giving details of the

00:48:45  20  robbery while he was in custody.  Those details were

00:48:48  21  very accurate and pieced together the robbery for the

00:48:53  22  investigators.  He also gave a Mirandized recorded

00:48:58  23  confession implicating Mr. Spearman and Mr. Johnson in

00:49:03  24  those robberies.

00:49:05  25          A third person, Mr. Wright's girlfriend, was

00:49:10 1  identified, and she gave a recorded Mirandized statement

00:49:14 2  confirming much of what Mr. Wright had said about those

00:49:18 3  robberies both in his confession and when he was talking

00:49:21 4  before other inmates in the jail.

00:49:29 5          The firearm that was used or the firearms

00:49:32 6  used were not recorded.

00:49:33 7          Upon his arrest by Agent Pacurari, sitting

00:49:38 8  to my left, the Defendant made a statement that --

00:49:43 9  incriminating statement that he did not carry --

00:49:48 10 actually carry the weapon in at least one or several of

00:49:52 11 the robberies.

00:49:53 12         And that's just some of the evidence, Your

00:49:55 13 Honor, that the Government would use to prove its case.

00:50:00 14         THE COURT:  Ms. Popkin, do you care to

00:50:01 15 respond to the government's proffer?

00:50:03 16         MS. POPKIN-BRADLEY:  At this time, Your

00:50:04 17 Honor, I think I would just say that I've read the

00:50:07 18 discovery, and that is what the Government believes that

00:50:10 19 they can prove at this time.  And I think that once the

00:50:14 20 case moves along and people are debriefed and there's

00:50:17 21 more information, something may change, but I think

00:50:20 22 that's all I have at this time.

00:50:28 23         THE COURT:  Well, is there a reason not to

00:50:29 24 go forward in accepting his plea?

00:50:33 25         MS. POPKIN-BRADLEY:  My client is adamant

00:50:35 | 1 | that he wants to plead guilty.  I'm just saying that
00:50:38 | 2 | when the Government states the facts, you know, they're
00:50:45 | 3 | relying on witnesses that they've talked to, and there
00:50:48 | 4 | are some of those facts that may not eventually pan out.
00:50:53 | 5 | But I don't see why my client cannot plead guilty at
00:50:57 | 6 | this point.
00:50:57 | 7 |       THE COURT:  All right.  Mr. Spearman, did
00:50:59 | 8 | you hear and understand what the prosecutor's told me
00:51:02 | 9 | regarding the criminal conduct in this case?
00:51:04 | 10 |       THE DEFENDANT:  Yes, sir.
00:51:05 | 11 |       THE COURT:  Do you dispute anything he's
00:51:07 | 12 | told me?
00:51:22 | 13 |       (Discussion had off the record between the
00:51:23 | 14 | Defendant and defense counsel.)
00:51:29 | 15 |       THE DEFENDANT:  Basically trying to paint
00:51:30 | 16 | the picture like I was the one coming in with the gun.
00:51:33 | 17 |       THE COURT:  I'm not trying to make an issue
00:51:35 | 18 | here --
00:51:36 | 19 |       MS. POPKIN-BRADLEY:  I think through aiding
00:51:39 | 20 | and abetting, Judge, through aiding and abetting, he is
00:51:45 | 21 | guilty, Judge, whether he had the firearm in one
00:51:56 | 22 | instance or whether one of the co-defendants had the
00:51:59 | 23 | firearm.
00:52:00 | 24 |       THE COURT:  All right.  Mr. Spearman, do you
00:52:03 | 25 | want to tell me anything?

| | | |
|---|---|---|
| 00:52:05 | 1 | THE DEFENDANT: That's about it. She |
| 00:52:06 | 2 | basically summed it up. |

THE COURT: All right. The Court is
satisfied with the responses given and makes the
following finding: It's the finding of this Court in
the United States of America versus Calvin Jamal
Spearman, 5:17-cr-295, that Mr. Spearman is fully
competent and capable of entering an informed plea. His
plea of guilty to Count 1 and Count 3 are each being
made knowingly and voluntarily. Each are supported by
an independent factual basis containing each of the
essential elements of the offense charged therein. Mr.
Spearman's plea is therefore accepted. He is hereby
adjudged guilty of Counts 1 and 3 of the indictment.
And the Court conditionally approves the plea agreement
the parties agreed to in this case.

It is anticipated that sentencing will be at
the Court's March 2018 term. And defense counsel is
directed to contact probation before leaving today to
arrange a time to commence preparation of the PSR in
this case.

Anything further regarding Mr. Spearman's
case?

MR. KUROSAD: Nothing from the Government,
Your Honor. Thank you.

00:53:38    1          MS. POPKIN-BRADLEY:  No, Judge.

2          THE COURT:  Thank you.

3          (Adjourned at 2:36 p.m.)

4                    - - -

5                **C E R T I F I C A T E**

6

7     I certify that the foregoing is a correct transcript

8    from the record of proceedings in the above-entitled

9    matter.

10

11   /s/ Tracy L. McGurk_____          ___8/14/2018___

12   Tracy L. McGurk, RMR, CRR                  Date

13

14

15

16

17

18

19

20

21

22

23

24

25